UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 15 P 3:56

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.

LARRY PIONE )
   Plaintiff, )
 )
v. )
 )
 )
THE MASSACHUSETTS PORT ) PLAINTIFF'S COMPLAINT
AUTHORITY, ) PLAINTIFF CLAIMS JURY BY
 )
   Defendant )

MS Bowler

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE 10/15/04

## GENERAL ALLEGATIONS

1. The plaintiff, Larry Pione, is a citizen of the Commonwealth of Massachusetts residing in Revere, Massachusetts, Suffolk County.

2. The defendant, the Massachusetts Port Authority, is a quasi public agency with a primary business address of One Harborside Drive, East Boston, Massachusetts, County of Suffolk.

3. The plaintiff, Larry Pione, was employed by the Massachusetts Port Authority from December 31, 1997 to November 30, 2001.

4. Mr. Pione was inappropriately harassed by supervisors during the last ten months of his employment with the Massachusetts Port Authority.

5. Mr. Pione was viewed as a whistleblower and was harassed and treated differently on that basis.

6. Mr. Pione was harassed and treated differently based upon his age (over 50) and his homosexual status.

7. On October 25, 2001, Mr. Pione was placed on family medical leave by the Massachusetts Port Authority.

8. On and after Octber 16, 2001, the Massachusetts Port Authority was notified that Mr. Pione was unable to participate in any work related activities.

9. On October 16, 2001, Mr. Pione was flsely accused on unauthorized entry into another's work space.

10. The Massachusetts Port Authority demanded that Mr. Pione participate in a workplace investigation regarding the alleged unauthorized entry while on family medical leave.

11. For health reasons, Mr. Pione was unable to participate in the workplace investigation.

12. On November 30, 2001, Mr. Pione was wrongfully terminated by the Massachusetts Port Authority.

13. Massachusetts Port Authority Policies guaranteed each employee full and fair pre-termination investigations and full and fair hearings regarding terminations.

14. There was no full and fair investigation or hearing as to Mr. Pione's termination.

15. During Mr. Pione's employment with the Massachusetts Port Authority, Mr. Pione always received favorable reviews of his work.

## JURISDICTION

16. Jurisdiction is appropriate with the United States District Court as at least one count of Mr. Pione's Complaint arises under a federal question of law.

## COUNT I

Claim of the plaintiff, Larry Pione against the defendant, the Massachusetts Port Authority for WILLFUL VIOLATION OF THE FAMILY MEDICAL LEAVE ACT.

17. Plaintiff repeats, realleges and incorporates herein the allegations set forth in paragraphs 1-16 of the Plaintiff's Complaint.

18. The Family Medical Leave Act provides leave for persons who are caring for their own serious health needs.

19. Mr. Pione was suffering from a serious health defect on and before October 16, 2001, and was accorded Family Medical Leave by the Massachusetts Port Authority.

20. The Massachusetts Port Authority was notified of Mr. Pione's serious health defect.

21. Even with notice of Mr. Pione's serious health defect and with notice of his inability to participate in the workplace, the Massachusetts Port Authority demanded that Mr. Pione participate in a workplace investigation.

22. Mr. Pione was unable to participate in the workplace investigation.

23. Mr. Pione was ultimately terminated in part due to his inability to participate in the workplace investigation at the time demanded by the Massachusetts Port Authority.

24. By demanding Mr. Pione's participation in workplace activities while Mr. Pione was on Family Medical Leave Act leave of absence and subsequently terminating him, the Massachusetts Port Authority committed a wilfull violation of the Family Medical Leave Act.

25. Mr. Pione requests all damages available to him for said violation of the Family Medical Leave Act.

## COUNT II.

Claim of the plaintiff, Larry Pione against the defendant, the Massachusetts Port Authority for WRONGFUL TERMINATION.

26. Plaintiff repeats, realleges and incorporates herein the allegations set forth in ¶¶ 1 through 25 of his Complaint.

27. According to Massachusetts Port Authority Policies Mr. Pione could only be terminated after a hearing on the merits and after a full and fair investigation.

28. No fair investigation was conducted in this instance.

29. The reasons provided for Mr. Pione's termination were false.

30. A fair investigation would have revealed the falseness of the reasons for Mr. Pione's termination.

31. Mr. Pione was wrongfully terminated.

32. Mr. Pione requests all damages available to him for his wrongful termination including but not limited to past and future wages, retirement benefits, and loss of health and disability benefits.

## COUNT III

Claim of the plaintiff, Larry Pione, against the defendant, Massachusetts Port Authority, for BREACH OF CONTRACT.

33. Plaintiff repeats, realleges and incorporates herein the allegations set forth in ¶¶ 1 through 32 of his Complaint.

34. According to Massachusetts Port Authority Policies Mr. Pione could only be terminated after a hearing on the merits and after a full and fair investigation.

35. Massport Policies constituted a contractual relationship with Mr. Pione.

36. No fair investigation was conducted in this instance.

37. The reasons provided for Mr. Pione's termination were false.

38. A fair investigation would have revealed the falseness of the reasons for Mr. Pione's termination.

39. A fair hearing would have revealed the falseness of the reasons for Mr. Pione's termination.

40. Mr. Pione was wrongfully terminated and was terminated in breach of a contract.

41. Mr. Pione requests all damages available to him for his wrongful termination including but not limited to past and future wages, retirement benefits, and loss of health and disability benefits.

For the Plaintiff,
By His Attorney,

ELISE A. BRASSIL, ESQ., BBO#: 641411
SARROUF, TARRICONE & FLEMMING
95 COMMERCIAL WHARF
BOSTON, MA 02110
TEL.: (617) 227-5800

DATED: October 15, 2004