UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LARRY PIONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-12177-MLW |
| | ) | |
| THE MASSACHUSETTS PORT AUTHORTY, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF

Now comes Defendant Massachusetts Port Authority ("Massport") pursuant to Fed. R. Civ. P. 12(b)(6) and respectfully requests that the Court dismiss all six counts of Plaintiff's First Amended Complaint for the reasons set forth below and in Defendant's supporting Memorandum of Law. For the purposes of dismissing Mr. Pione's breach of contract claim, Massport further relies upon the Affidavit of William V. Hoch filed in support of this Motion.[1]

---

[1] In support of its Motion to Dismiss Mr. Pione's breach of contract claim, Massport relies, in part, upon its Policy on Employment Terms and Conditions. *See* Affidavit of William V. Hoch Exhibit A. This document is an undisputed public record and is referenced in the First Amended Complaint. *See* ¶¶ 13, 27, 34, 35. In addition, Massport relies upon the public record of Mr. Pione's undisputed deposition testimony from a related age discrimination action. *See* Affidavit of William V. Hoch Exhibits B & C. In filing its Motion to Dismiss, Massport may properly rely upon the complaint and documents: (1) for which there is no dispute as to their authenticity, (2) that are official public records, or (3) that the complaint references. *See Alternative Energy v. St. Paul Fire and Marine*, 267 F.3d 30, 33 (1st Cir. 2001); *Boateng v. Ineramerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (holding, for motion to dismiss, court could review documents from prior state court adjudications as public records); *Waterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (holding, for motion under Rule 12(b)(6), court may consider official public records and court records like abuse and neglect petitions, District Court orders, and state investigative reports); *Branch v. FDIC*, 825 F.Supp. 384, 398 n.8 (D. Mass. 1993) (holding "it is well established that a court may take judicial notice of public records or indisputable authentic documents . . . without converting even a 12(b)(6) motion into one for summary judgment"); *see also Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (holding, for motion to dismiss, court could consider public court documents); *accord* 2 JAMES W. MOORE ET AL. MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed. 1998). The limited, undisputed facts in these documents can support Massport's Motion to Dismiss the breach of contract claim without converting it to a motion for summary judgment. Massport relies solely on the First Amended Complaint to dismiss all other counts.

Larry Pione is a former employee of the Massachusetts Port Authority. He was terminated on November 30, 2001, after being accused of unauthorized access to another employee's office.[2] First Amended Complaint ¶¶ 3, 9, 12. Mr. Pione filed this action on October 15, 2004. Prior to Massport moving to dismiss, Mr. Pione filed a First Amended Complaint on December 16, 2004. In his First Amended Complaint, Mr. Pione alleges (1) willful violation of the Family and Medical Leave Act ("FMLA"), (2) wrongful termination, (3) breach of contract, (4) defamation, (5) intentional infliction of emotional distress, and (6) negligent infliction of emotional distress. As is outlined below and more fully set forth in Massport's supporting memorandum of law, all six causes of action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as Mr. Pione fails to state a claim on which relief can be granted.

Mr. Pione's allegation of willful violations of the FMLA (Count I) must be dismissed because he fails to plead sufficient facts establishing that he is eligible for the protections of the FMLA. Since his First Amended Complaint fails to establish a prima facie case under the FMLA, Count I should be dismissed.

Mr. Pione's allegation of wrongful termination (Count II) must be dismissed because wrongful termination is not an independent cause of action in Massachusetts absent facts alleging an additional violation of public policy or the covenant of good faith and fair dealing. Mr. Pione alleges no such facts, and because Massachusetts does not recognize a generic claim of wrongful termination, Count II should be dismissed.

---

[2] While not stated in the First Amended Complaint, Mr. Pione was accused of unauthorized entry into another employee's office and accused of going through confidential payroll records in that office. While Massport accepts the facts as plead in the First Amended Complaint for purposes of this Motion to Dismiss, Massport vigorously disputes the majority of Mr. Pione's factual statements and reserves it right to object to those statements should an Answer be necessary in this action.

Mr. Pione's allegation of breach of contract (Count III) must be dismissed because (1) Mr. Pione fails to establish that Massport had a contract of employment with him, or (2) if such a contract did exist, he fails to allege sufficient facts to establish that Massport breached the terms of the alleged contract.

Mr. Pione's defamation allegations (Count IV) should be dismissed (1) for failure to set forth sufficient specific facts as required by the heightened pleading standard for defamation claims under Massachusetts law or (2) for failure to set forth sufficient facts necessary to overcome Massport's conditional privilege to disclose defamatory information regarding his employment.

Finally, Mr. Pione's allegations of intentional infliction of emotional distress (Count V) and negligent infliction of emotional distress (Count VI) should be dismissed because they are precluded by the Massachusetts Workers' Compensation Act.

**CONCLUSION**

For the above stated reasons and the reasons set forth in its Memorandum of Law In Support of Motion to Dismiss Plaintiff's First Amended Complaint For Failure to State A Claim For Relief, Massport requests that the Court grant its Motion to Dismiss as to all counts.

> Respectfully submitted,
>
> **MASSACHUSETTS PORT AUTHORITY**,
>
> By its attorney,
>
> /s/     William V. Hoch
> _____
> William V. Hoch, Esq.
> BBO #564465
> Senior Employment Counsel
> Massachusetts Port Authority
> One Harborside Drive - Legal
> East Boston, Massachusetts   02128
> (617) 568-3142

Dated:  January 14, 2005

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

The undersigned certifies that he has conferred with plaintiff's counsel in good faith but has been unable to narrow the issues raised herein.

> /s/     William V. Hoch
> _____
> William V. Hoch

CERTIFICATE OF SERVICE

I, William V. Hoch, hereby certify that I caused to be served one copy of the foregoing Motion to Dismiss on counsel for the plaintiff on this 14th day of January, 2005 by mail as follows:

Elise A. Brassil, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, Massachusetts  02110                    /s/     William V. Hoch
                                                _____
                                                William V. Hoch