UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LARRY PIONE,<br><br>    Plaintiff,<br><br>v.<br><br>THE MASSACHUSETTS PORT AUTHORTY,<br><br>    Defendant. | C.A. No. 04-12177-MLW |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM FOR RELIEF</u>**

William V. Hoch, Esq.
BBO #564465
Senior Employment Counsel
Massachusetts Port Authority
One Harborside Drive - Legal
East Boston, Massachusetts  02128
(617) 568-3142

January  14, 2005

Now comes Defendant Massachusetts Port Authority ("Massport" or the "Authority") and submits this Memorandum of Law in support of its Motion to Dismiss.

## SUMMARY OF ARGUMENT

Plaintiff Larry Pione alleges six counts against Massport. Each should be dismissed for failure to state a claim upon which relief can be granted. In Count I, Mr. Pione alleges willful violations of the Family and Medical Leave Act ("FMLA") but fails to establish a prima facie case under the FMLA. In Count II, Mr. Pione alleges wrongful termination, a cause of action that does not exist in Massachusetts absent allegations that the employer violated public policy or the covenant of good faith and fair dealing, but fails to allege that his termination was in violation of the covenant of good faith and fair dealing or any established public policy. In Count III, Mr. Pione alleges breach of contract but fails to establish that Massport had a contract of employment with him or, if it did, that Massport breached the terms of the alleged contract. Count IV (Defamation) should be dismissed for failure to properly plead the elements of the claim or for failure to plead facts sufficient to overcome Massport's conditional privilege to disclose defamatory information regarding Mr. Pione's employment. Finally, Count V (Intentional Infliction of Emotional Distress) and Count VI (Negligent Infliction of Emotional Distress) should be dismissed because they are precluded by the Massachusetts Workers' Compensation Act.

## **STATEMENT OF FACTS**

Larry Pione was employed by the Massachusetts Port Authority from December 31, 1997, until November 30, 2001.  Complaint ¶ 3.[1]  On October 16, Massport accused Mr. Pione of unauthorized entry into another employee's office.  Complaint ¶ 9.  On that day, Mr. Pione left work early citing medical difficulties and later informed Massport that he could not participate in work related activities.  Complaint ¶ 8.  On October 25, 2001, Massport placed Mr. Pione on FMLA leave.  Complaint ¶ 7.

Massport began an investigation into the allegation that Mr. Pione had entered another employee's office without authority to do so.  Complaint ¶ 10.  As part of the investigation, Massport requested that Mr. Pione explain his behavior on October 16, 2001.  Complaint ¶ 10.  Mr. Pione refused to participate in the investigation.  Complaint ¶ 11.  Based upon the outcome of its investigation, Massport terminated Mr. Pione on November 30, 2001.  Complaint ¶ 12.

Massport's Policy on Employment Terms and Conditions, as it applies to Mr. Pione, reads in pertinent part:[2]

> **Section IV (C).  Management Discretion**
> Nothing in this Policy shall be construed to limit or alter the sole discretion of the Authority, acting through its Executive Director or his/her designee, to discipline, demote, transfer, suspend, terminate or take any other personnel action as to any employee for any reason deemed by management to be appropriate from time to time,

---

[1] For the purposes of this Motion to Dismiss, Massport accepts as true the facts pled.  Massport, however, disputes Mr. Pione's recitation of events and reserves its right to address each fact in an Answer if necessary.

[2] A party filing a motion to dismiss is allowed to rely upon the facts alleged in the complaint, documents attached to the complaint, undisputed documents alleged or referenced in the complaint, and public records.  2 JAMES W. MOORE ET AL. MOORE'S FEDERAL PRACTICE § 12.34[2] (3d ed. 1998).  For the purposes of dismissing the breach of contract claim, Massport relies upon the facts alleged in the First Amended Complaint and Massport's Policy on Employment Terms and Conditions.  It is appropriate for Massport to rely upon this document because it is both a public record and an undisputed document alleged or referenced in paragraphs 13, 27, 34, 35 of the First Amended Complaint.  *See Waterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (holding that court may consider official public records in deciding a Rule 12(b)(6) motion); *Branch v. FDIC*, 825 F.Supp. 384, 398 (D. Mass. 1993) (holding that it is well established that a court may take judicial notice of public records or indisputable authentic documents on a 12(b) motion without converting even a 12(b)(6) motion into one for summary judgment).  The Policy on Employment Terms and Conditions is attached to the Affidavit of William Hoch as Exhibit A.

and under any terms and conditions as to such action that the Authority, acting
through its Executive Director or his/her designee, chooses to impose. . . .

**Section VI. Termination ESPM Employees**

      **B.**     **Involuntary Termination**

ESPM employees are "at-will" employees of the Authority. As such, they may be
terminated at any time for any reason, with or without notice. ESPM employees
terminated for reasons other than "cause", as that term is defined in Section VII below,
shall be provided with severance in accordance with Section VII.

**Section VII.   SEVERANCE:  ESPM Employees**

ESPM employees terminated for any of the reasons described in Sections VII(A), (B) or
(C) below will be deemed to have been terminated for "cause" and will not be entitled to
severance. ESPM employees terminated for reasons other than "cause" will be provided
with severance in accordance with Section VII(D).

**A.  Disciplinary Termination**

1. The Authority, acting through the Executive Director or his/her designee, typically
   shall impose a progressive disciplinary process when an ESPM employee has a
   problem on the job which may lend itself to rectification through such process.
   Supervisors and managers are authorized to issue both oral and written warnings
   and/or any other form of progressive discipline up to and including termination and
   may issue such discipline for those infractions of policies and/or procedures, and/or
   behaviors disruptive to the workplace and/or productivity, which they deem to
   merit such discipline. The infractions and/or behaviors described in the preceding
   sentence shall constitute grounds for termination for cause. Any ESPM employee
   who receives a warning generally will have the opportunity, if he/she so requests,
   to meet with his/her supervisor to discuss the issue. The progressive disciplinary
   process described in this paragraph may, at the discretion of the Authority, acting
   through its Executive Director or his/her designee, include, among other things,
   oral warning(s), written warning(s), suspension and/or termination, not necessarily
   in that order. The severity of the infraction and the employee's employment
   record, among other things, may determine the degree of disciplinary action taken
   by management. In addition, at the sole discretion of the Authority, acting through
   its Executive Director or his/her designee, serious disciplinary sanctions up to and
   including termination, may be imposed in lieu of any step in the progressive
   discipline process.

2. In the case of infractions or behaviors constituting cause pursuant to Section
   VII(A)(1) above which the Authority, acting through its Executive Director or
   his/her designee, deems in its sole discretion to be serious, including but not limited
   to infractions or behaviors involving the ESPM employee's honesty, abusive or

>    harassing behavior toward other employees or the public and/or workplace substance abuse, the Authority, acting through the Executive Director or his/or designee, may discipline or terminate the ESPM employee without first imposing progressive discipline.
>
> 3. In the case of a demotion, involuntary transfer, reduction in pay, or involuntary termination, the ESPM employee typically will receive reasonable notice that (1) provides an explanation of why discipline is being contemplated; (2) explains the possible disciplinary action that may be taken; and (3) provides a reasonable amount of time for the ESPM employee to prepare to respond.  The ESPM employee generally will thereafter have an opportunity to meet with his or her Department Head (or the Department Head's designee) and the Director of Human Resources to discuss the action being contemplated.  Under appropriate circumstances, immediate suspension without pay, demotion or termination may be required; provided, the notice and opportunity to be heard discussed above generally will be provided subsequently in due course.

Massport provided Mr. Pione the opportunity to explain his behavior at a post-termination hearing.  *See* Hoch Affidavit Exhibits B & C.[3]

## ARGUMENT

**I.   Mr. Pione's Complaint is Insufficiently Specific to Withstand a Motion to Dismiss.**

While the standard for reviewing a Motion to Dismiss is lenient, it does require that Mr. Pione "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Cooperman v. Individual Inc.*, 171 F.3d 43, 47 (1st Cir. 1999); *accord Aulson v. Blanchard*, 83 F.3d 1, 2 (1st Cir. 1996) (noting that this deferential standard does not "force an appellate court to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic

---

[3] For the purpose of dismissing the breach of contract claim, Massport relies upon the undisputed testimony of Mr. Pione given in a related age discrimination action filed at the Massachusetts Commission Against Discrimination. This testimony is a public record and can be relied upon to support a Motion to Dismiss without converting it to a Motion for Summary Judgment.  *See Boateng v. Ineramerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (holding, for motion to dismiss, court could review documents from prior state court adjudications as public records); *Waterson*, 987 F.2d at 3 (holding, for motion under Rule 12(b)(6), court may consider official public records and court records like abuse and neglect petitions, District Court orders, and state investigative reports); *Branch*, 825 F.Supp. at 398 n.8 (holding "it is well established that a court may take judicial notice of public records or indisputable authentic documents . . . without converting even a 12(b)(6) motion into one for summary judgment").

circumlocutions, and the like need not be credited"). Because Mr. Pione is required to plead specific facts, he cannot rest upon "unsupported conclusions or interpretations of law." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (holding that a reviewing court is not obliged "to honor subjective characterizations, optimistic predictions, or problematic suppositions"); *accord Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993). While he offers "subjective characterizations" and "conclusory descriptions" in order to prove that his rights have been violated, dismissal is appropriate because he fails to offer any specific support for his allegations. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995); s*ee also Coyne v. Somerville*, 972 F.2d 440, 444 (1st Cir. 1992) (holding in an equal protection case that a "plaintiff may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus").

**II.     Mr. Pione's Complaint Fails to Allege a Prima Facie Case Under the FMLA.**

In order to establish a prima facie case for an FMLA violation, a plaintiff must show that (1) he is protected under the FMLA; (2) he suffered an adverse employment decision; and (3) either he was treated less favorably than an employee who had not requested FMLA leave or the adverse decision was made because of his request for leave. *See Watkins v. J&S Oil Co.*, 164 F.3d 55, 59 (1st Cir. 1998). Among other things, the FMLA protects eligible employees who require a leave of absence "because of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 28 U.S.C.A. § 2612(a)(1)(D). The term "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing care by a health care provider." 28 U.S.C.A. § 2611(11).

Mr. Pione fails to allege sufficient facts to establish that he suffered from a "serious health condition" and, therefore, fails to show that he is eligible for protection under the FMLA. In his First Amended Complaint, Mr. Pione merely states that he suffered from a "serious health defect." First Amended Complaint ¶ 19. The term "serious health defect" is meaningless under the FMLA. Even if the conclusory phrase "serious health defect" were synonymous with the statutory phrase "serious health condition," Mr. Pione has failed to offer specific facts establishing that his alleged medical condition qualified him for leave under the FMLA. As Mr. Pione's First Amended Complaint fails to allege facts sufficient to establish that he is protected under the FMLA, he has not established a prima facie case. His "bald assertions" and "unsupported conclusions of law" are insufficient to survive this motion to dismiss. *See Aulson*, 83 F.3d at 2.

### III.     Mr. Pione's Complaint Fails to State a Claim for Wrongful Termination.

Mr. Pione alleges that his termination from Massport was wrongful. Massachusetts does not recognize claims for wrongful termination unless a plaintiff alleges that (1) the employer seeks unjust financial benefit from the termination or (2) the termination violates some clearly defined public policy and there is no other statutory method of vindicating the policy. *See Choroszy v. Wentworth Instit. of Technology*, 915 F. Supp. 446, 451 (D. Mass. 1996); *see also Smith-Pfeffer v. Superintendent of the Walther E. Fernald State School*, 404 Mass. 145, 149-150 (1989) (stating that "redress is available for employees who are terminated . . . for refusing to do that which the law forbids"). Employees like Mr. Pione can be terminated "at any time for any reason or for no reason at all." *Upton v. JWP Businessland*, 425 Mass. 756, 757 (1997); *accord Bergeson v. Franchi*, 783 F. Supp. 713, 717 (D. Mass. 1992).

Mr. Pione's First Amended Complaint does not properly allege wrongful termination. He does not allege that Massport terminated him in order to gain unjust financial enrichment and he does not allege that he was terminated in violation of public policy. To the extent that he attempts to allege his termination violated a public policy against discrimination, this claim is foreclosed under state law because M.G. L. c. 151B precludes all other claims of discrimination. *See Melley v. Gillette Corp.*, 19 Mass.App.Ct. 511, 513-514 (1985) *aff'd* 397 Mass. 1004 (1986). Because Massachusetts does not recognize a claim for wrongful termination under the facts pled by Mr. Pione, Count II should be dismissed for failure to state a claim upon which relief can be granted.

**IV.    Mr. Pione's Complaint Fails to State a Claim for Breach of Contract.**

    A.    Mr. Pione Does Not Have a Contract With Massport.

Massport's Policy on Employment Terms and Conditions ("Policy") clearly sets forth that Mr. Pione was an "at-will" employee. See Section VI(B)(stating that "ESPM employees are 'at-will' employees of the Authority"). Because of this, Mr. Pione had no contract with Massport and could be terminated "at any time for virtually any reason or even no reason at all." *See Choroszy*, 915 F. Supp. at 451. The fact that the Policy provides a process by which employees may challenge employment decisions "does not change the at-will status of an employee." *Sklar v. Beth Israel Deconess Medical Center*, 59 Mass.App.Ct. 550, 560 (1993). Accordingly, his breach of contract claim should be dismissed.

    B.    Even if a Contract Existed Between Mr. Pione and Massport, Massport Met the Terms of the Alleged Contract.

While Massport disputes the existence of a contract, if the Policy created a contract, Massport fulfilled its obligations. Mr. Pione alleges that Massport's Policy guarantees each

employee full and fair "pre-termination investigations and full and fair hearings regarding termination." First Amended Complaint ¶ 13. Mr. Pione also alleges that he was not afforded a fair investigation or a fair hearing. First Amended Complaint ¶¶ 14, 28, 36. In fact, Mr. Pione misstates the content of Massport's Policy and has misled the court, by omission, because he fails to admit that he was given a post-termination hearing.

Massport's Policy related to disciplinary terminations makes no mention of an employee's right to an investigation, much less a right to a "full and fair pre-termination investigation." See Policy §§ VI & VII. Even so, Massport conducted an investigation into Mr. Pione's conduct on October 16, 2001. First Amended Complaint ¶ 10. Thus, Massport did not breach any alleged contractual obligation pertaining to investigations.

Mr. Pione also incorrectly alleges that Massport's policy provides him a right to a pre-termination hearing on the merits. First Amended Complaint ¶ 34. In fact, the Policy is clear that Massport has the option of conducting a hearing pre-termination, or where appropriate, post-termination. See Policy § VII(3) (stating that, under appropriate circumstances, "immediate . . . termination may be required; provided the notice and opportunity to be heard discussed above generally will be provided subsequently in due course"). While Mr. Pione fails to so inform the court, he admits that Massport provided him with a post-termination hearing. *See* Affidavit of William V. Hoch, Ex. B & C.

Since it provided Mr. Pione with both an investigation into his conduct and a post-termination hearing, Massport fulfilled any and all obligations that Mr. Pione alleges were due to him and Mr. Pione's breach of contract claim should be dismissed.

**V.    Mr. Pione's Defamation Claim Is Fatally Flawed.**

      A.    Mr. Pione Fails to Allege Sufficient Facts to State a Claim of Defamation.

Plaintiffs in the District of Massachusetts face a high burden when alleging defamation. As courts have repeatedly noted, "the Massachusetts Supreme Judicial Court has stated that defamation traditionally is a disfavored action, and that courts have applied a stricter standard to complaints for defamation by requiring defamation plaintiffs to plead the elements of their claims with specificity in order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Dorn v. Astra USA*, 975 F. Supp. 388, 395-396 (D.Mass. 1997); *accord Mulvihill v. Spalding Sports Worldwide, Inc.*, 184 F. Supp. 2d 99, 103-104 (D. Mass. 2002); *Bernard*, 113 F. Supp. 2d at 201. At a minimum, "a defendant is entitled to knowledge of the precise language challenged as defamatory." *Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 728 n. 6 (1st Cir. 1992), *cert. denied*, 504 U.S. 974, 112 S. Ct. 2942, 119 L. Ed. 2d 567 (1992).

To survive a motion to dismiss, Mr. Pione must plead: (1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s); (2) the means and approximate dates of publication; and (3) the falsity of those statements. *See Dorn*, 975 F. Supp. at 395-396. Mr. Pione's defamation claim only states that "on or about October 16, 2001, the defendant . . . falsely accused the plaintiff of violating workplace policy and subsequently fired the plaintiff causing the plaintiff's reputation in the community to be injured." Amended Complaint, ¶ 43. Such allegations are insufficient to plead the first two prongs necessary for a case of defamation under Massachusetts law. Where a plaintiff fails to allege the specific defamatory statement, the claim should be dismissed under the "heightened pleading requirement for defamation claims." *Bernard v. Town of Millville*, 113 F.Supp.2d 197, 201 (D. Mass. 2000); *accord Acciavatti v. Professional Services Group*, Inc., 982

9

F.Supp. 69, 77 (D. Mass. 1997) (holding that plaintiff's claim cannot go forward where he failed to describe any relevant communications by Defendants).

The *Dorn* case is instructive because Dorn's complaint is similar to that of Mr. Pione. In dismissing Dorn's defamation claim, the court stated

> plaintiffs fail to state a claim of defamation with the requisite level of particularity because they make no allegations as to the means of publication of the statements. They do not allege that anyone in particular made the statements nor that anyone in particular, other than the plaintiffs, heard them.

*Dorn*, 975 F.Supp. at 396. Similarly in *Mulvihill*, where the complaint almost mirrors Mr. Pione's complaint,[4] the court dismissed the defamation claims stating, "Plaintiff's complaint insufficiently alleges the precise wording of at least one sentence of the defamation and the means and approximate dates of publication." *Mulvihill*, 184 F.Supp.2d at 104. The language of these dismissals applies directly to Count IV of Mr. Pione's Amended Complaint. Accordingly, Mr. Pione's defamation claim should be dismissed.

B.   Mr. Pione Fails to Allege Sufficient Facts To Overcome Massport's Privilege.

Under Massachusetts law, an employer has a "conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's interest in the fitness of an employee to perform his or her job." *McCone v. New England Tel. And Tel. Co.*, 393 Mass. 231, 235 (1984). Mr. Pione only alleges that Massport "falsely accused the plaintiff of violating workplace policy and subsequently fired the plaintiff." First Amended Complaint ¶ 43. Since the alleged communications relate only to Massport's investigation of Mr. Pione's conduct and its subsequent termination of Mr. Pione for

---

[4] Mulvihill's defamation claim, which the court dismissed as insufficient, stated "Defendant Spalding leveled false accusations of sexual harassment against the Plaintiff, as a pretext for discharging the Plaintiff for his past union activity. (Plaintiff was past president of the union) and for other unlawful reasons. The false accusations of sexual

violating company policy, the communications fit squarely within the employer's privilege. Since Mr. Pione makes no allegations that Massport and its employees were reckless in communicating the facts of his termination, he has not alleged facts necessary to overcome the privilege and his defamation claim must be dismissed.  *See McCone*, 393 Mass. at 236.[5]

### VI. Mr. Pione's Intentional and Negligent Infliction of Emotional Distress Claims Are Barred by the Massachusetts Workers' Compensation Statute.

The law is clear in Massachusetts that an employee cannot recover for claims of negligent or intentional infliction of emotional distress against an employer because such claims are barred by the exclusivity provisions of the Workers' Compensation Act, G. L. c. 152, sec. 15 and 24. *See Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558-559 (1996); *Doe v. Purity Supreme, Inc.*, 422 Mass. 563, 566 (1996); *accord Hinchey v. NYNEX, Corp.,* 144 F.3d 134, 146 n. 7 (1st Cir. 1998); *Clarke v. Kentucky Fried Chicken of California, Inc.* 57 F.3d 21, 28-29 (1st Cir. 1995); *Acciavatti*, 982 F.Supp. at 77.

As the Supreme Judicial Court made clear in 1996,

> Common law actions are barred by the exclusivity provision of the workers' compensation act where: the plaintiff is shown to be an employee; his condition is shown to be a personal injury within the meaning of the workers' compensation act; and the injury is shown to have arisen out of and in the course of employment. The plaintiff's common law claims meet this test. It makes no difference that the emotional distress results from a fellow employee since the injury is still compensable under the workers' compensation act.

*Green*, 422 Mass. at 558.  Mr. Pione's claims meet the Supreme Judicial Court's test in that he alleges he was an employee, he alleges personal injury for emotional distress, and he alleges his

---

harassment have defamed the Plaintiff, causing damage to his good name, reputation and standing in the community." *Mulvihill*, 184 F. Supp. 2d at 104.

[5] To the extent that Mr. Pione alleges that his termination forces him to defame himself when he speaks to people in the business community, this claim must fail because Massachusetts does not recognize claims of "compelled self-defamation."  *See White v. Blue Cross & Blue Shield of Mass.*, 442 Mass. 64, 65 (2004).

11

injury arose out of the course of his employment because it stems from Massport's allegation that he violated company policy and his subsequent termination. Accordingly, Mr. Pione's claims for negligent and intentional infliction of emotional distress must be dismissed.

## CONCLUSION

For the above stated reasons and the reasons set forth in its Motion to Dismiss, the Authority requests that the Court grant its Motion to Dismiss.

Respectfully submitted,

**MASSACHUSETTS PORT AUTHORITY**,

By its attorney,

/s/   William V. Hoch
_____
William V. Hoch, Esq.
BBO #564465
Senior Employment Counsel
Massachusetts Port Authority
One Harborside Drive - Legal
East Boston, Massachusetts   02128
(617) 568-3142

Dated: January 14, 2005

## CERTIFICATE OF SERVICE

I, William V. Hoch, hereby certify that I caused to be served one copy of the foregoing Motion to Dismiss on counsel for the plaintiff on this 14th day of January, 2005 by mail as follows:

Elise A. Brassil, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, Massachusetts  02110                     /s/   William V. Hoch
                                                 _____
                                                         William V. Hoch