UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -9  P 4: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO. 0412177MLW

| | |
|---|---|
| LARRY PIONE | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE MASSACHUSETTS PORT | ) |
| AUTHORITY, | ) |
| Defendant | ) |

**PLAINTIFF LARRY PIONE'S OPPOSITION
TO THE DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

The Plaintiff Larry Pione hereby opposes the Defendant the Massachusetts Port

Authority's (hereinafter "Massport") motion to dismiss on the grounds that his complaint

sufficiently states claims under the family medical leave act and sufficiently states a claim

for wrongful termination, breach of contract, defamation, the intentional infliction of

emotional distress, and the negligent infliction of emotion distress.

**FACTS**

Through the numbered paragraphs of his complaint, which are set forth completely

as follows, Mr. Pione states:

1. The plaintiff, Larry Pione, was employed by the Massachusetts Port Authority from
   December 31, 1997 to November 30, 2001.

2. Mr. Pione was inappropriately harassed by supervisors during the last ten months of
   his employment with the Massachusetts Port Authority.

3. Mr. Pione was viewed as a whistleblower and was harassed and treated differently
   on that basis.

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS. 02110
(617) 227-5800

4. Mr. Pione was harassed and treated differently based upon his age (over 50) and his homosexual status.

5. On October 25, 2001, Mr. Pione was placed on family medical leave by the Massachusetts Port Authority.

6. On and after October 16, 2001, the Massachusetts Port Authority was notified that Mr. Pione was unable to participate in any work related activities.

7. On October 16, 2001, Mr. Pione was falsely accused of unauthorized entry into another's work space.

8. The Massachusetts Port Authority demanded that Mr. Pione participate in a workplace investigation regarding the alleged unauthorized entry while on family medical leave.

9. For health reasons, Mr. Pione was unable to participate in the workplace investigation.

10. On November 30, 2001, Mr. Pione was wrongfully terminated by the Massachusetts Port Authority.

11. Massachusetts Port Authority Policies guaranteed each employee full and fair pre-termination investigations and full and fair hearings regarding terminations.

12. There was no full and fair investigation or hearing as to Mr. Pione's termination.

The foregoing facts are not an exhaustive list of all of the facts involved in this matter. Instead, they are a statement of facts made in conjunction with the facts set forth in the complaint within Mr. Pione's claims for willful violation of the family medical leave act, wrongful termination, breach of contract, defamation, the intentional infliction of emotional distress and the negligent infliction of emotional distress to satisfy the notice pleading standard. Reading the complaint as a whole and construing it to do substantial justice, it is clear that Mr. Pione states a claim for each cause of action he has pled.

## MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim may be granted only if it appears, beyond doubt, that the plaintiff can prove no facts in support of his claim that entitles him to

relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45 -46 (1957). The court must accept all factual

averments in the Complaint as true and draw all reasonable inference in the plaintiff's favor.

<u>Garita Hotel Ltd. Partnership v. Ponce Fed. Bank F.S.B.</u>, 958 F.2d 15, 17 (1st Cir. 1992).

The Court is required to look only to the allegations of the Complaint and if under any

theory they are sufficient to state a cause of action, a motion to dismiss the Complaint must

be denied. <u>Knight v. Mills</u>, 836 F.2d 659, 664 (1st Cir. 1987).

Also, if a cause of action is not enumerated in Fed. R. Civ. P. 9b, a complaint need

only satisfy the notice pleading standards set forth in Fed. R. Civ. P. 8a. <u>Lawson v.</u>

<u>Affirmative Equities Co., L.P.</u>, 341 F. Suppp. 2d 51 (D. Mass. 2004), <u>citing</u> <u>Swierlciewicz v.</u>

<u>Soreina N.A.</u>, 534 U.S. 506, 513 (2002). Fed. R. Civ. P. 9b requires pleading with

particularity only as to fraud, mistake and condition of mind. Fed. R. Civ. P.9b. The causes

of action plead by Mr. Pione require only notice pleading. <u>Lawson v. Affirmative Equities</u>

<u>Co., L.P.</u>, 341 F. Suppp. 2d 51 (D. Mass. 2004), <u>citing</u> <u>Swierlciewicz v. Soreina N.A.</u>, 534

U.S. 506, 513 (2002); see also Fed. R. Civ. P. 9b.

### ARGUMENT

### I.     MR PIONE STATES A CLAIM FOR THE WILFUL VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

Massport argues that Mr. Pione fails to state a claim under the family medical leave

act because rather than referring to his serious health condition using the term condition, Mr.

Pione uses the terms serious health defect. Mr. Pione pled, "Mr. Pione was suffering from a

serious health defect on and before October 16, 2001, and was accorded Family Medical

Leave by the Massachusetts Port Authority." (Complaint paragraph 19). Mr. Pione's

allegations regard willful violations of his leave through demanding his appearance and

participation in workplace activities while on leave and firing him, in part, because he could

not participate in the workplace while on leave (Complaint paragraphs 17-25).

To obtain family medical leave from Massport, Mr. Pione had to document his

serious health condition. Without attaching Mr. Pione's extensive medical record to this

motion, which have been produced in related litigation before the Massachusetts

Commission Against Discrimination, it should suffice to state that Massport granted the

leave. In granting the leave, Massport recognized Mr. Pione's serious health condition. .

Mr. Pione's medical records reveal that he was receiving continuing care by a health care

provider during all relevant times. Mr. Pione's health condition fits within the provisions of

the family medical act. 28 U.S.C.A. sec. 2611(11).

Massport's argument is merely one of pleading the terms serious health defect as

opposed to serious health condition. Notice pleading is sufficient to avoid Massport's

motion to dismiss. Lawson v. Affirmative Equities Co., L.P., 341 F. Supp. 2d 51 (D. Mass.

2004), citing Swierlciewicz v. Soreina N.A., 534 U.S. 506, 513 (2002); see also Fed. R. Civ.

P. 9b. Massport's motion must be denied.

## II.    MR. PIONE STATES A CLAIM FOR WRONGFUL TERMINATION AND BREACH OF CONTRACT BECAUSE MASSPORT POLICY CREATED AN EMPLOYMENT CONTRACT.

Mr. Pione has pled that "According to Massachusetts Port Authority Policies Mr.

Pione could only be terminated after a hearing on the merits and after a full and fair

investigation. No fair investigation was conducted in this instance. The reasons provided for

Mr. Pione's termination were false. A fair investigation would have revealed the falseness of

the reasons for Mr. Pione's termination." Mr. Pione was wrongfully terminated in breach of

contract. (Complaint paragraphs 26 -41).

Massport's counsel provides an affidavit that he has been employed by Massport since 2004 and that it is his belief that the policy he has attached to his motion was the policy, which was in place at Massport in 2001. We have no evidence as to whether this policy was provided to employees who began their employment prior to 2001. Mr. Pione in drafting his complaint was relying upon Massport policies dated July 1, 1999. There seems to be little difference between the policies and, as such, for the purposes of this motion the plaintiff will rely upon the policy Massport alleges was in place.

The policy does make a disclaimer regarding employment at will. However, the policy goes on to grant an employee a right to a progressive disciplinary process by stating in section VII A 1. "the Authority, acting through the Executive Director or his/her designee, typically shall impose a progressive disciplinary process when an ESPM employee has had a problem on the job which may lend itself to rectification through such process." In addition, Massport's policy on Affirmative Action states section 4.5 that "when an underrepresented group member is disciplined, demoted, or terminated by the Authority, the department head, when he or she deems it necessary, shall review such action with the Director of Compliance in order to ensure that such action is implemented in a nondiscriminatory manner." (Exhibit A).

Massport's policy also provides that "the ESPM employee generally will thereafter (referring to the notice that termination if being contemplated) have an opportunity to meet with his or department head or the department head's designee and the director of human resources to discuss the action that is being contemplated." (The policy and Exhibit B Deposition of Massport's human resources director at 29). The human resources director does not know whether Mr. Pione was granted this right (Exhibit B deposition at 30-31).

SARROUF, TARRICONE
& FLEMMING, P.C.
95 COMMERCIAL WHARF
BOSTON, MASS 02110
(617) 227-5800

According to Massport's 30b6 designee, Mr. Pione asked to speak to the department head regarding his being ostracized and to relay other information to her (Exhibit C Massport 30b6 deposition at 87-88). Unfortunately, rather following policy and permitting Mr. Pione to speak with his department head, Massport viewed his request as being uncooperative in the investigation (Exhibit C Massport 30b6 deposition at p. 87-88). This alleged lack of cooperation, by exercising his right to speak with a department head, was the core basis for his firing (Exhibit C Massport 30b6 deposition at p.88).

In Jackson v. Action for Boston Cmty. Dev. Inc., the Massachusetts Supreme Judicial Court clearly held that a personnel manual may form the basis for an implied contract of employment. Jackson v. Action for Boston Cmty. Dev. Inc., 403 Mass 8, 13 (1988) The Supreme Judicial Court has reasoned that because management offers and defines the terms of benefits, employees like Mr. Pione have a reasonable expectation that management will adhere to the terms of the policy as long as it exists even if the employer retained the right to unilaterally modify the policy. O'Brien v. New England Tel & Tel. Co., 422 Mass. 686 (1996).

If an employee like Mr. Pione reasonably believes that the employer offers to continue the employee's employment on the terms of the policy, the employee's continuing to work for the employer after receipt of the policy is an acceptance of an offer of a unilateral contract and the promise is not illusory regardless of whether the employer intended to make the offer. O'Brien v. New Eng. Tel & Tel. Co., 422 Mass. at 692-693. Even an express disclaimer may not be sufficient to erase the contractual obligations created by a policy manual because manuals "instill a reasonable belief in the employees that

management will adhere to the policies therein expressed." <u>Ferguson v. Host Int'l, Inc.,</u> 35 Mass. App. Ct. 96 (2001).

Massport's policies gave Mr. Pione a reasonable expectation that the provisions of Massport's policies and procedures would apply to him, that the policies would be fairly applied, and that he would not be treated unfairly and ultimately terminated. In accordance with <u>Jackson,</u> <u>O'Brien</u> and <u>Ferguson</u>, Mr. Pione states claims for wrongful termination in breach of policy and for breach of contract. His claims should not be dismissed.

### III.  MR. PIONE STATES A CLAIM FOR DEFAMATION BECAUSE HE HAS PLEAD THE ESSENTIAL ELEMENTS OF THE CLAIM.

Mr. Pione has pled that "on or about October 16, 2001, the defendant, through its employees, agents, or servants, falsely accused the plaintiff of violating workplace policy and subsequently fired the plaintiff causing the plaintiff's reputation in the community to be injured and exposed him to contempt and tarnishing his business reputation" (Complaint paragraph 43). He has also pled that he was falsely accused of unauthorized entry into another's work space (Complaint paragraph 7).

Mr. Pione has pled that these actions caused him special damage through "the impairment of his reputation and standing in the community, personal humiliation, and severe emotional distress and extreme mental anguish and suffering he sustained, together with interest and costs" (Complaint paragraph 44). More specific pleading is not required.

If a cause of action is not enumerated in Fed. R. Civ. P. 9b, a complaint need only satisfy the notice pleading standards set forth in Fed. R. Civ. P. 8a. <u>Lawson v. Affirmative Equities Co., L.P.</u>, 341 F. Suppp. 2d 51 (D. Mass. 2004), <u>citing</u> <u>Swierlciewicz v. Soreina N.A.</u>, 534 U.S. 506, 513 (2002). Fed. R. Civ. P. 9b requires

pleading with particularity only as to fraud, mistake and condition of mind. Fed. R. Civ. P.9b. The same analysis applies with respect to Mass. R. Civ. P. 9b. Neither the federal rule or the Massachusetts rule require specific pleading for defamation. However, both the federal rule and the Massachusetts Rule require specific statement as to the damages resulting from slander. See Fed. R. Civ. P. 9g and Mass. R. Civ. P. 9g. Mr. Pione's pleading satisfies the standard at this pre-discovery stage. Mr. Pione anticipates that more refined pleading will be necessary as the specific language of the statements and Massport's actions are revealed.

IV.    **MR. PIONE'S CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ARE NOT BARRED BY THE WORKERS COMPENSATION ACT BECAUSE HE WAS NOT AN EMPLOYEE AT THE RELEVANT TIME**

Massport correctly argues that the Massachusetts Workers Compensation Act bars tort claims for personal injury and emotional distress for workers who are harmed during the course of their employment. Massport fails to recognize, however, that the workers compensation act does not bar claims brought by former employees. Effective November 30, 2001, Larry Pione was no longer an employee of Massport.

On January 28, 2002, when Mr. Pione visited Massport and participated in its post termination hearing, Mr. Pione was no longer an employee of Massport. Had he slipped and fallen while at Massport on January 28, 2002, his action would have been one in tort and not workers compensation because he was not acting within the scope of his employment. On March 6, 2002, when Massport issued its findings supporting Mr. Pione's termination, Mr. Pione was likewise not employed by Massport. To the extent that Mr. Pione's claims regarding the intentional infliction of emotional distress and negligent infliction of

emotional distress relate to his post employment period, the workers compensation act does not bar his claims. Accordingly, dismissal is inappropriate.

However, an evidentiary issue has been raised which requires some preliminary discussion. Mr. Pione understands that in electing not to sue individual employees of Massport his claims for the intentional infliction of emotional distress and the negligent infliction of emotional distress for the harassment he suffered during the last ten months of his employment with Massport, he is barred under the workers compensation act. This does not mean that evidence of the behavior of Mr. Pione's co workers during the last months of his employment must be barred from consideration. Evidence of the actions of his co-workers during the employment period is probative of their actions during his post employment period. Mr. Pione wishes to preserve his evidentiary arguments for later review.

**CONCLUSION**

For all of the foregoing reasons, Massport's motion to dismiss must be denied on all counts.

For the Plaintiff LARRY PIONE,
By His Attorney,

ELISE A. BRASSIL, ESQ.,BBO#: 641411
SARROUF, TARRICONE & FLEMMING
95 COMMERCIAL WHARF
BOSTON, MA 02110
TEL.: (617) 227-5800

DATED: 2/9/05

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail.

Date: 2/9/05          ELISE A. BRASSIL