UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LARRY PIONE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 04-12177-MLW |
| THE MASSACHUSETTS PORT AUTHORTY, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT MASSACHUSETTS PORT AUTHORITY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Massachusetts Port Authority, Defendant in the above-entitled action, and hereby answers the Plaintiff's First Amended Complaint, as follows:

1. The defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 1 and calls upon the plaintiff to prove the same.

2. The defendant admits that its primary business address is One Harborside Drive, East Boston, Massachusetts, County of Suffolk.  The defendant further admits that it is an independent public authority and is designated by law as a body politic and corporate and a public instrumentality.  The defendant denies the remaining allegations in paragraph 2.

3. The defendant admits the allegations in paragraph 3.

4. The defendant denies the allegations in paragraph 4.

5. The defendant denies the allegations in paragraph 5.

6. The defendant denies the allegations in paragraph 6.

7. The defendant admits that the plaintiff was placed on provisional leave under the Family and Medical Leave Act on October 25, 2001.  The defendant denies the remaining allegations in paragraph 7.

8. The defendant denies the allegations in paragraph 8.

9. The defendant denies the allegations in paragraph 9.

10. The defendant denies the allegations in paragraph 10.

11. The defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph 11 and calls upon the plaintiff to prove the same.

12. The defendant denies the allegations in paragraph 12.

13. The defendant denies the allegations in paragraph 13.

14. The defendant denies the allegations in paragraph 14.

15. The defendant denies the allegations in paragraph 15.

## JURISDICTION

16. Paragraph sixteen contains a statement of law to which no response is necessary.

## COUNT I

### (Willful Violation of the Family and Medical Leave Act)

17. The defendant incorporates by reference all responses provided herein.

18. Paragraph eighteen contains a statement of law to which no response is necessary. To the extent any response is necessary, the defendant denies that the "Family and Medical Leave Act provides leave for persons who are caring for their own serious health needs."

19. The defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph nineteen as the phrase "serious health defect" has no legal meaning. In addition, the defendant lacks sufficient information to form a belief as to the truth of the allegation that Mr. Pione was suffering from a serious health defect "on and before October 16, 2001." Further in response to paragraph nineteen, the defendant states it placed Mr. Pione on leave under the Family and Medical Leave Act provisionally. The defendant denies the remaining allegations in paragraph nineteen.

20. The defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph twenty as the phrase "serious health defect" has no legal meaning. The defendant admits that Mr. Pione submitted a Certification of Health Care Provider. The defendant denies the remaining allegations in paragraph twenty.

21. The defendant lacks sufficient information to form a belief as to the truth of the allegations in paragraph twenty-one as the phrase "serious health defect" has no legal meaning. The defendant denies the remaining allegations in paragraph twenty-one.

22. The defendant denied the allegations in paragraph twenty-two.

23. The defendant denied the allegations in paragraph twenty-three.

24. The defendant denied the allegations in paragraph twenty-four.

25. Paragraph twenty-five contains no allegations requiring a response. Further answering, the defendant denies that Mr. Pione suffered any damages for which defendant can be held liable under applicable law.

## COUNT II

### (Wrongful Termination)

26-32. The defendant states that this Count II alleging Wrongful Termination has been dismissed by the Court and requires no response.

## COUNT III

### (Breach of Contract)

33. The defendant incorporates by reference all responses provided herein.
34. The defendant denies the allegations in paragraph 34.
35. The defendant denies the allegations in paragraph 35.
36. The defendant denies the allegations in paragraph 36.
37. The defendant denies the allegations in paragraph 37.
38. The defendant denies the allegations in paragraph 38.
39. The defendant denies the allegations in paragraph 39.
40. The defendant denies the allegations in paragraph 40.
41. Paragraph forty-one contains no allegations requiring a response. Further answering, the defendant denies that Mr. Pione suffered any damages for which defendant can be held liable under applicable law.

## COUNT IV

### (Defamation)

42. The defendant incorporates by reference all responses provided herein.
43. The defendant denies the allegations in paragraph 43.
44. The defendant denies the allegations in paragraph 44.

## COUNT V

### (Intentional Infliction of Emotional Distress)

45. The defendant incorporates by reference all responses provided herein.
46. The defendant denies the allegations in paragraph 46.

47. The defendant denies the allegations in paragraph 47.

48. The defendant denies the allegations in paragraph 48.

## COUNT VI
### (Negligent Infliction of Emotional Distress)

49. The defendant incorporates by reference all responses provided herein.

50. The defendant denies the allegations in paragraph 50.

51. The defendant denies the allegations in paragraph 51.

52. The defendant denies the allegations in paragraph 52.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim against the defendant upon which relief may be granted.

### Second Affirmative Defense

The defendant states that the claims in this matter, in whole or in part, are barred by the doctrine of accord and satisfaction.

### Third Affirmative Defense

The defendants states that the claims in this matter, in whole or in part, are barred by the doctrines of payment, release, and waiver.

### Fourth Affirmative Defense

The defendant states that the injuries or damages alleged in the plaintiff's Complaint were neither caused nor proximately caused by the defendant.

### Fifth Affirmative Defense

The plaintiff failed to mitigate his damages.

### Sixth Affirmative Defense

The plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### Seventh Affirmative Defense

The plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Eighth Affirmative Defense

The plaintiff's claims are barred, in whole or in part, because the defendant had a conditional privilege arising from the employer-employee relationship that protects its actions and statements from liability.

### Ninth Affirmative Defense

The defendant states that it did not willfully violate any statute at issue in this matter.

### Tenth Affirmative Defense

The defendant states that it is not liable for any damages to the Plaintiff, including punitive damages.

### Eleventh Affirmative Defense

The defendant states that it had no contractual relationship with the plaintiff and to the extent that any contractual relationship existed, the defendant fulfilled its obligations.

### Twelfth Affirmative Defense

The defendant states that its behavior met the standard of care applicable to its interactions with plaintiff at all times and did not act in a manner that was extreme, outrageous, reckless, or intending to cause harm.

### Thirteenth Affirmative Defense

The defendant states that it made no false oral or written statements concerning the plaintiff.

### Fourteenth Affirmative Defense

The defendant states that the claims in this matter, in whole or in part, are barred by the provisions of Massachusetts Worker's Compensation Act.

<u>Fifteenth Affirmative Defense</u>

The defendant expressly reserves the right to amend this answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

## JURY CLAIM

Defendant demands a trial by jury on all claims.

WHEREFORE, the defendant requests that this Court:

(1) dismiss the plaintiffs' action and deny their prayers for relief with prejudice;

(2) award costs and attorneys' fees to the defendant; and

(3) order such other relief as this court deems just and proper.

Respectfully submitted,

**MASSACHUSETTS PORT AUTHORITY**,

By its attorney,

/s/   William V. Hoch
_____
William V. Hoch, Esq.
BBO #564465
Senior Employment Counsel
Massachusetts Port Authority
One Harborside Drive - Legal
East Boston, Massachusetts   02128
(617) 568-3142

Dated:  September 29, 2005

<u>CERTIFICATE OF SERVICE</u>

I, William V. Hoch, hereby certify that I caused to be served one copy of the foregoing Answer to Plaintiff's First Amended Complaint on counsel for the plaintiff on this 29th day of September, 2005 by mail as follows:

Elise A. Brassil, Esquire
Sarrouf, Tarricone & Flemming
95 Commercial Wharf
Boston, Massachusetts  02110                    /s/     William V. Hoch
                                                                          William V. Hoch