UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY PIONE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE MASSACHUSETTS PORT )<br>AUTHORTY, )<br>)<br>    Defendant. )<br>) | C.A. No. 04-12177-MLW |

**AFFIDAVIT OF MARIE BOWEN IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I, Marie H. Bowen, do hereby depose and state as follows:

1. I am currently employed as the Massachusetts Port Authority ("Massport" or the "Authority") Director of Human Resources. I became Acting Director of Human Resources in March of 2003, and Director in September of 2003.

2. From May 8, 2000, to April 4, 2003, I was the Massachusetts Port Authority Senior Employment Counsel.

3. As Senior Employment Counsel, I participated in the investigation of allegations that Larry Pione improperly accessed, reviewed, and copied payroll records on October 16, 2001. I also gave legal counsel in connection with the Authority's decision to terminate Mr. Pione and his post-termination hearing.

4. I was aware that Plaintiff had requested and had been on Massport approved FMLA leave at the time that he was terminated.

5. In my role as Senior Employment Counsel, I reviewed Mr. Pione's rights under the FMLA and considered whether his being on FMLA affected Massport's ability to terminate him. I provided legal counsel to Kathy Conlin, Director of Human Resources, on these issues.

6. Based upon my legal review, I did not consider the FMLA to bar Massport from terminating Mr. Pione because Massport's decision was based solely upon the evidence presented by its investigation. In addition, based upon my legal review, I believed that Massport was complying with the FMLA because Massport treated Mr. Pione in the same manner that it would have treated any employee not on leave, but with similar circumstances.

7. At that time, and to this day, it was not uncommon for Massport employees to request and be granted leave under the FMLA. To my knowledge, Massport does not have any animus against employees who exercise their rights under the FMLA and does not take any actions to interfere with employees' ability to exercise their rights under the FMLA.

SIGNED THIS 9th DAY OF JUNE 2006, UNDER THE PENALTIES OF PERJURY.

_____
Marie H. Bowen

### CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and I understand that it will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and I will ensure that paper copies are sent to those indicated as non-registered participants on June 9, 2006.

/s/    William V. Hoch
_____
William V. Hoch